IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINO GADDINI,<br><br>          Petitioner,<br><br>  vs.<br><br>ROBERT AYERS, Warden,<br><br>          Respondent. | No. C 06-7249 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket No. 4) |

# INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted. Petitioner has also filed a motion seeking to shorten time for responsive pleadings in this matter (docket no. 4). Petitioner's motion is partially GRANTED, in that Respondent is ordered to respond as set forth herein.

# BACKGROUND

According to the petition, Petitioner was convicted after a guilty plea in Contra Costa County Superior Court and sentenced to a term of 2 years in state prison on March 28, 2006. Petitioner filed a collateral challenge in the California Supreme Court in 2006. Petitioner filed the instant federal habeas petition on November 22, 2006.

# DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II  Legal Claims

The petition alleges that Petitioner suffered ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court

2

1  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
2  days of receipt of the motion, and Respondent shall file with the Court and serve on
3  Petitioner a reply within **fifteen (15)** days of receipt of any opposition.
4      4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
5  the Court informed of any change of address by filing a separate paper captioned "Notice
6  of Change of Address." He must comply with the Court's orders in a timely fashion.
7  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
8  to Federal Rule of Civil Procedure 41(b)
9      IT IS SO ORDERED.
10 DATED: April 16, 2007

                                JEFFREY S. WHITE
                                United States District Judge